IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, LLC, *et al.*, | § § | Case No. 13-50743 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

### JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT REGARDING TURNOVER OF PROPERTY TO INTARCIA THERAPEUTICS, INC. AND DISTRIBUTION OF SETTLEMENT PROCEEDS

To the Honorable Craig A. Gargotta, U.S. Bankruptcy Judge:

Jose C. Rodriguez, as Chapter 7 Trustee (the "Trustee") and Intarcia Therapeutics, Inc. ("Intarcia"), by and through their respective counsel, move the Court to approve a confidential settlement regarding the turnover of property to Intarcia in connection with Intarcia's request and demand for turnover of property (Intarcia's "Request"), and to approve the proposed distribution of certain of the settlement proceeds to be received from Intarcia. In support of this Joint Motion to Approve Confidential Settlement Regarding Turnover of Property to Intarcia and Distribution of Settlement Proceeds ("Joint Motion"), the parties respectfully state as follows:

### SUMMARY OF MOTION

1. The Funding Sponsors[1] have requested that the terms of the settlement agreement be kept confidential and be sealed, and Intarcia and the Trustee have agreed to this request. The Trustee and Intarcia have reached a confidential settlement regarding Intarcia's Request with the terms of such confidential settlement to be presented to the Court under seal and with all due

---

[1] "Funding Sponsors" are defined in the Global Agreement Order, which is defined herein in paragraph 5.

-1-

protections afforded its sensitive and confidential nature. The confidential settlement is fair and equitable and in the best interests of the bankruptcy estates and the parties to the confidential settlement. Accordingly, the Court should grant this Joint Motion and approve the confidential settlement.

2.  Further, several parties have agreed to a distribution arrangement for the settlement proceeds to be received by the Trustee from Intarcia (the "Settlement Proceeds"), exclusive of the amounts to be paid to Lachman for actual retrieval costs incurred at the request of Intarcia. Solely with respect to the Settlement Proceeds, the Lenders have agreed not to claim a right to any portion thereof as long as the funds are used consistent with the proposed closing compromise.[2] Further, the Trustee and certain Funding Sponsors have agreed that the Settlement Proceeds should be first used to help the estates fund certain payments due to Gamma Fargo, LLC and other third party storage facilities through June 2015, certain Trustee fees and expenses, and certain record destruction costs ("Destruction Costs") to be incurred in connection with the wind down of these cases (collectively, "Wind Down Expenses"), all as set forth in the budget to be approved by the Court in connection with the closing compromise (as approved by the Court, the "Budget"); provided, however, to the extent the Settlement Proceeds are not needed to cover Destruction Costs, they will be returned to the Funding Sponsors for application against the outstanding Sponsor Loans as set forth on Exhibit A to the Global Agreement Order. Further, any portion of the Settlement Proceeds made available to Lachman for Destruction Costs will be held in a segregated account by Lachman, unless and until applied to Destruction Costs consistent with the

---

[2] The proposed closing compromise is set forth in the Trustee's Motion for Approval of (I) the Transfer of Custody of Certain Sponsor Property to Lachman Consultant Services, Inc., (II) the Destruction of Any Unclaimed Sponsor Property, (III) the Abandonment of and Transfer to Team Support Services, LLC d/b/a Abraxas Worldwide of Certain Estate Property Qualifying as Common Documents Bearing on Sponsor Property, and (IV) a Compromise Related to Funding the Closing of These Chapter 7 Cases [docket #648].

Budget or, if not needed to cover Destruction Costs consistent with the Budget, distributed by Lachman to the Funding Sponsors in accordance with their respective shares of the Sponsor Loan as set forth on Exhibit A to the Global Agreement Order. The distribution arrangement for the Settlement Proceeds set forth in this paragraph 2 is consistent with the Global Agreement Order and is in the best interest of the estates and the parties.[3]  Accordingly, the Court should grant this Joint Motion and approve the distribution proposed herein.

## BRIEF FACTUAL BACKGROUND

3. Prior to March 22, 2013 (the "Petition Date"), one of the Debtor entities ("PRACS" or "Debtors") or its predecessors provided clinical trial services (the "Services") to various parties, including Intarcia.

4. During the course of PRACS' provision of the Services, certain property and/or data was retained by PRACS and, prior to the Petition Date, PRACS had failed to turnover the property.

5. On May 24, 2013, the Court entered the *Order Granting Emergency Application of Jose C. Rodriguez, Chapter 7 Trustee, for an Order, Pursuant to 11 U.S.C. §§ 105(a), 362(d), and 364(c) and Bankruptcy Rules 4001(c) and 9019, (I) Approving a Global Agreement to (A) Resolve Certain Sponsors' Motions for Relief from the Automatic Stay to Permit Retrieval of their Property, (B) Trustee's Motion to Use Cash Collateral and (C) Trustee's Motion to Dismiss; and (II) Approving the Funding Necessary to Facilitate the Resolution of the Motions for Relief from the Automatic Stay* [Dkt. No. 286] (the "Global Agreement Order").

---

[3] As provided in the Global Agreement Order, the Non-Participating Sponsor Payments cannot be distributed by the Trustee in accordance with 11 U.S.C. §§ 507 and 726 until after the Sponsor Loan is repaid in full and Lenders have received an amount equal to the total amount of Cash Collateral used. The Sponsor Loans have not yet been repaid. Therefore, the proposed application of the Settlement Proceeds to administrative expenses necessary to address the estates' obligations for storage fees and record destruction costs is consistent with the priorities and rights to the Non-Participating Sponsor Payments established under the Global Agreement Order.

6. Pursuant to the Global Agreement Order, a Non-Participating Sponsor, such as Intarcia, may arrange for the retrieval of its property subject to certain conditions, but the Court purposely reserved the right of these parties, such as Intarcia, to seek relief from the Court with regards to its property without prejudice by the entry of the Global Agreement Order.

7. Accordingly, Intarcia communicated its demand and request for the turnover of property and for relief from the Global Agreement Order to the Trustee, which is the subject of Intarcia's Request.

8. In response to various motions filed by others regarding similar materials, the following objections and/or responses were filed: *Response of Chapter 7 Trustee to Motions for Turnover of Property and Various Other Motions and Joinders Related Thereto Filed by Various Non-Participating Sponsors (Docket Nos. 474, 478, 481, 482, 488)* [Dkt. No. 501]; *Objection of Apotex Inc. to Non-Participating Sponsors' Motions for Turnover of Property [Docket #s 474, 478, 481, 482, and 488]* [Dkt. No. 507]; *Joinder by L. Perrigo Company and Affiliates to Objection of Apotex Inc. to Non-Participating Sponsors' Motions for Turnover of Property* [Dkt. No. 508]; *Joinder of Janssen Research & Development, LLC in Response of Chapter 7 Trustee to Motions for Turnover of Property and Various Other Motions and Joinders Related Thereto Filed by Various Non-Participating Sponsors (Docket Nos. 474, 478, 481, 482, 488)* [Dkt. No. 509]; *Supplemental Response of Chapter 7 Trustee to Motion for Turnover of Property Filed by Shire, plc (Docket No. 481)* [Dkt. No. 514]; *Joinder of Amerigen Pharmaceuticals Limited and Amerigen Pharmaceuticals, Inc. in Response to Non-Participating Sponsors' Motions for Turnover of Property* [Dkt. No. 518]; *Freeport Financial, LLC as Agent Response and Objection to Shire, plc's Motion for Turnover of Property and Relief from the Order Granting Emergency Application of Jose C. Rodriguez, Chapter 7 Trustee, for an Order, Pursuant to 11 U.S.C. §§ 105(a), 362(d),*

-4-

*and 364(c) and Bankruptcy Rules 4001(c) and 9019, (I) Approving a Global Agreement to (A) Resolve Certain Sponsors' Motions for Relief from the Automatic Stay to Permit Retrieval of their Property, (B) Trustee's Motion to Use Cash Collateral and (C) Trustee's Motion to Dismiss; and (II) Approving the Funding Necessary to Facilitate the Resolution of the Motions for Relief from the Automatic Stay [Dkt. No. 286] [Docket No. 481]* [Dkt. No. 521]; *Actavis LLC's (A) Joinder in Objection of Apotex Inc. [Dkt. No. 507] to Non-Participating Sponsors' Motions for Turnover of Property [Dkt. Nos. 474, 478, 481, 482, & 484] and (B) Response to Biospeciman Corporation's Omnibus Reply to Motions for Turnover [Dkt. No. 506]* [Dkt. No. 527].

9. The Trustee and Intarcia have reached a confidential settlement regarding Intarcia's Request ("Confidential Settlement Agreement"). The Lenders and certain of the Funding Sponsors have approved the terms of the Confidential Settlement Agreement, along with the proposed distribution of the Settlement Proceeds, and requested that the terms of the Confidential Settlement Agreement be kept confidential and sealed.

10. Accordingly, the parties hereby request Court approval of the Confidential Settlement Agreement and the proposed distribution.

## **TERMS OF CONFIDENTIAL SETTLEMENT AGREEMENT**

11. The terms of the Confidential Settlement Agreement are confidential in nature since there are ongoing disputes and negotiations with customers of PRACS. As such, the terms will be kept strictly confidential and will not be disclosed in this Joint Motion, except that such Confidential Settlement Agreement and its terms will be presented to the Court under seal for its consideration en camera and for approval. Prior to the filing of this Joint Motion, the parties filed the Joint Motion to Seal Confidential Settlement Agreement [Docket No. 712] and the Court granted the requested relief [Docket No. 713]. Accordingly, pursuant to the Court's granted relief,

the parties present the Confidential Settlement Agreement under seal for consideration and approval. The Confidential Settlement Agreement has been served on the Funding Sponsors and the Lenders (as defined in the Confidential Settlement Agreement).

## TERMS OF PROPOSED DISTRIBUTION OF SETTLEMENT PROCEEDS

12. Consistent with the priorities and rights to the Non-Participating Sponsor Payments established under the Global Agreement Order, and based upon consent of the Lenders and certain Funding Sponsors, the Trustee proposes to use the Settlement Proceeds to help fund the Wind Down Expenses. In the event any of the Settlement Proceeds are not necessary for the Wind Down Expenses, they will be distributed to the Funding Sponsors in accordance with their respective shares of the Sponsor Loan as set forth on Exhibit A to the Global Agreement Order. The foregoing modified distribution will help the Trustee address certain administrative expenses prior to closure of these cases. Accordingly, the Trustee seeks in this Joint Motion approval of the proposed distribution of the Settlement Proceeds.

## RELIEF REQUESTED

13. Bankruptcy courts are empowered to approve settlements under Federal Bankruptcy Rule 9019(a). In considering approval of a settlement, the Court must consider whether the settlement is fair and equitable and in the best interest of the estate, and the Court should consider the following: (i) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (iii) all other factors bearing on the wisdom of the compromise, including (a) the best interests of the creditors, and (b) the extent to which the settlement is truly the product of arms-length bargaining. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *Official Comm.*

*of Unsecured Creditors v. Cajun Elec. Power Coop.*, 119 F.3d 355, 356 (5th Cir. 1997); *Henderson v. Casciato-Northrup*, Case No. MO-oo-CA-079, 2001 WL 681578, at *4 (W.D. Tex. Jan. 10, 2001).

14.     Applying the above-mentioned factors shows that the settlement and proposed distribution arrangement is fair and equitable and in the best interests of the bankruptcy estates and the parties. The above criteria support the approval of the proposed settlement and distribution arrangement between the parties. The issues involved would require additional Court time and litigation costs to resolve. The proposed settlement and distribution arrangement was reached through arms-length negotiation, and eliminates all litigation risks and delay. Given these facts, the interests of the parties are best served by settling on the confidential terms.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, the parties respectfully request that the Court grant this Joint Motion and enter the order attached hereto as **Exhibit A**.

Dated: May 27, 2015

        Respectfully submitted,

        Intarcia Therapeutics, Inc.

By: /s/Kevin McCullough
     Kevin McCullough
     State Bar No. 00788005
     Rochelle McCullough, LLP
     325 N. St. Paul, Suite 4500
     Dallas, Texas 75201
     (214) 953.0182 – Phone (Main)
     (214) 580.2580 – Phone (Direct
     kdm@romclawyers.com

And

By: /s/Ronald Hornberger
     Ronald Hornberger
     State Bar No. 10004000
     Plunkett and Griesenbeck, Inc.
     Catholic Life Building
     1635 N.E. Loop, Suite 900
     San Antonio, Texas 78209
     (210) 734-7092 – Phone
     (210) 734-0379 – Fax
     rhornberger@pg-law.com

ATTORNEYS FOR JOSE C. RODRIGUEZ,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 28, 2015, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties:

Deborah D. Williamson
State Bar No. 21617500
Cox Smith Matthews Incorporated
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

Michael D. DeBaecke
Blank Rome LLP
1201 Market St., Ste. 800
Wilmington, DE 19801

Robert T. Schmidt
Matthew C. Ziegler
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Rahat N. Babar
Bayne Law Group LLC
116 Village Boulevard, Suite 235
Princeton, NJ 08543-3036

James A. Plemmons
Krista A. Katsma
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226

Michael M. Parker | Partner
Fulbright & Jaworski LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792

R. Glenn Ayers, Jr./David S. Gragg/
Allen DeBard
Langley & Banack Incorporated
Trinity Plaza II, Ninth Floor
745 East Mulberry
San Antonio, Texas 78212-3166

David N. Crapo
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310

David W. Dykhouse
Patterson Bulknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Gordon J. Toering
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503

Clinton R. Snow
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 3400
Houston, Texas 77002

Micheal B. Lubic
K&L Gates LLP
10100 Santa Monica Blvd., Ste. 700
Los Angeles, CA 90067

Barbra R. Parlin
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019

/s/     Ronald Hornberger