IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re:<br><br>PRACS INSTITUTE SAN ANTONIO, LLC;<br><br>*et al.,*<br><br>Debtors. | § § § § § § § § § § § § | CHAPTER 7 CASE<br><br>CASE NO. 13-50743<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND THE INITIAL MINIMUM PRESERVATION PERIOD UNDER THE ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.**

CAME ON FOR CONSIDERATION the *Motion to Extend the Extended Preservation Period Under the Order Granting Motion to Extend the Initnial Minimum Preservation Period Under the Order Granting Trustee's Motion for Approval of the Transfer of Custody of Certain Sponsor Property to Lachman Consultant Services, Inc*. (the "Second Motion to Extend") filed

by Lachman Consultant Services, Inc. ("Lachman").[1]  The Court, having considered the Second Motion to Extend, any objections thereto, the record in this case, and the representations of counsel, hereby finds that (i) the Court has jurisdiction over the Second Motion to Extend pursuant to 28 U.S.C. § 1334, (ii) this is a core matter pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of these proceedings and the Second Motion to Extend is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) under the circumstances of these Cases, proper notice of the Second Motion to Extend was provided, and (v) the relief sought by the Second Motion to Extend is appropriate under the circumstances of these Cases, and sufficient cause exists for the granting of the Second Motion to Extend.  It is therefore

**ORDERED** that the Second Motion to Extend is hereby **GRANTED** as set forth herein; it is further

**ORDERED** that this Order is binding upon all persons and entities, including but not limited to all Research Sponsors, and shall inure to the benefit of Lachman and all other Research Sponsors that are or become Second Term Continuing Preservation Sponsors and each of their Related Parties; it is further

**ORDERED** that the Extended Preservation Period as set forth under the Extended Preservation Order is extended to June 19, 2021; it is further

**ORDERED** that

1. Pursuant to the Second Extended Preservation Election Form, each Continuing Preservation Sponsor, Preservation Sponsor or an Electing Non-Preservation Sponsor, may elect to become a Second Term Continuing Preservation Sponsor.

2. The Second Extended Preservation Election Form provides for any Continuing Preservation Sponsor, Preservation Sponsor or an Electing Non-Preservation Sponsor that elects to become a Second Term Continuing Preservation Sponsor to agree to (i) continue to be bound (or to be bound, in the case of a Preservation Sponsor (which is not already a Continuing Preservation Sponsor) or an Electing Non-Preservation Sponsor) by all of the provisions of the Preservation Order applicable to Preservation

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Second Motion to Extend.

Sponsors (as modified by the Extended Preservation Order) and the Extended Preservation Order (as modified by this Order), and (ii) be bound by this Order, including paying its pro rata share of the STCPS Common Costs[2] and its pro rata share the Motion Costs; and (iii) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

3. No additional payments will be required of the Second Term Continuing Preservation Sponsors which were Preservation Sponsors for Initial Destruction Costs Payment or the Initial Destruction Costs Deposit as provided in the Preservation Order. All Initial Destruction Costs Payments previously made by the Second Term Continuing Preservation Sponsors which were Preservation Sponsors shall continue to be held by Lachman for the sole and exclusive purpose of paying the costs associated with the destruction of Sponsor Property and Unsearched Contents, which destruction shall be carried out in accordance with the Preservation Order and the Extended Preservation Order.

4. The Second Extended Preservation Election Form (i) confirms as to the Second Continuing Preservation Sponsors the validity of the release of any and all Claims that was given at the time such Research Sponsor became a Preservation Sponsor and a Continuing Preservation Sponsor, and (ii) provides for a release of any and all Claims that any Second Term Continuing Preservation Sponsor has or may have against Lachman through and including the Effective Date.

5. Each Continuing Preservation Sponsor, Preservation Sponsor or Electing Non-Preservation Sponsor that desires to become a Second Term Continuing Preservation Sponsor must have filed a Second Extended Preservation Election Form with the Second Motion to Extend or must complete and return a Second Extended Preservation Election Form **no later than 15 days after the Effective Date, or as otherwise provided pursuant to Section 12,** by e-mail to: d.petshaft@lachmanconsultants.com (David B. Petshaft, Esq., Chief Legal and Financial Officer of Lachman); it is further

**ORDERED** that

6. A "Second Term Continuing Preservation Sponsor" is a Research Sponsor that has previously elected to be a Continuing Preservation Sponsor or Preservation Sponsor or is an Electing Non-Preservation Sponsor and (a) wishes to preserve the Unsearched Boxes and Unsearched Contents located at the Third-Party Storage Locations, for the Second Extended Preservation Period; (b) wishes to preserve an opportunity to retrieve individual study records or other materials constituting Sponsor Property that

---

[2] The STCPS Common Costs shall not include any costs, fees and expenses that are directly attributable to a Second Term Continuing Preservation Sponsor's individual material retrieval efforts.

3

were stored with PRACS (either at a former PRACS location or any of the Third-Party Storage Locations) but that Lachman has not yet retrieved for such Continuing Preservation Sponsor, Preservation Sponsor or Electing Non-Preservation Sponsor, as the case may be, (c) has entered or enters into an agreement with Lachman to provide for the retrieval of its study records and materials, and (d) elects to become a Second Term Continuing Preservation Sponsor by having filed[3] a Second Extended Preservation Election Form with the Second Motion to Extend or by completing the Second Extended Preservation Election Form and returning it no later than 15 days after the Effective Date, or as otherwise provided pursuant to Section 12. Any Second Term Continuing Preservation Sponsor that does not require the services of Lachman to retrieve individual study materials will not be required to enter an individual agreement with Lachman, provided that if any such Second Term Continuing Preservation Sponsor subsequently desires to retrieve its individual Sponsor Property, it will be required to enter into an individual agreement with Lachman prior to such retrieval.

7. Completing and signing the Second Extended Preservation Election Form shall constitute a Second Term Continuing Preservation Sponsor's agreement to (i) pay on a timely basis (a) its pro rata share of all STCPS Common Costs (such as rent, storage costs, utilities, insurance, IT services management/staff oversight and transportation costs incurred by Lachman or Third-Party Storage Providers on behalf of the Preservation Sponsors), and (b) the Second Extended Preservation Sponsor Payment and (c) its pro rata share of the Motion Costs promptly upon written request of Lachman; and (ii) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

8. By electing to become a Second Term Continuing Preservation Sponsor, each Second Term Continuing Preservation Sponsor agrees to issue payment to Lachman within sixty (60) days of receiving notification of the amount of its pro rata share of the Second Extended Preservation Sponsor Payment, which notification Lachman shall provide as promptly as possible after the Effective Date. Calculation of the STCPS Common Costs will be based in large part on the estimated monthly costs and expenses for rent at the Third-Party Storage Locations. While these monthly costs may decrease prior to or after the Effective Date based upon ongoing efforts to reduce such costs, the current estimate of STCPS Common Costs for the entire Second Extended Preservation Period should not exceed $390,000.

9. Assuming nine (9) Continuing Preservation Sponsors elect to become Second Term Continuing Preservation Sponsors, the Second Extended Preservation Sponsor

---

[3] The Continuing Preservation Sponsors that filed a Second Extended Preservation Election Form with the Second Motion to Extend are Madrigal Pharmaceuticals, Inc.; Alvogen, Inc. on behalf of itself and Alvogen Pine Brook, LLC; Sandoz, Inc.; 3M Company; Teva Pharmaceuticals USA, Inc. (along with Actavis, one of the original Preservation Sponsors, which is now an affiliate of Teva); Array BioPharma, Inc.; and Mylan, Inc. For these purposes, Teva and Actavis are counted as one Continuing Preservation Sponsor.

Payment will be approximately $43,334 per Second Term Continuing Preservation Sponsor. Reasonable efforts will be made to reduce and maintain STCPS Common Costs as low as possible. It is expected that the Second Extended Preservation Sponsor Payments will be deposited by Lachman for satisfaction of STCPS Common Costs, including payment of rent or storage costs at the Third-Party Storage Locations for the entire Second Extended Preservation Period and Lachman's reasonable fees and costs incurred on behalf of the Second Term Continuing Preservation Sponsors as agreed upon with the Second Term Continuing Preservation Sponsors.

10. For the avoidance of doubt, while the Second Extended Preservation Period Payment is expected to be sufficient to cover the current estimate of STCPS Common Costs for the entire Second Extended Preservation Period, the Second Extended Preservation Sponsor Payment may not be the only pro rata payment of STCPS Common Costs required to be made by the Second Term Continuing Preservation Sponsors during Second Extended Preservation Period. Some STCPS Common Costs may be unknown as of the Effective Date of this Order but will need to be paid at a later date by the Second Term Continuing Preservations Sponsors as such costs arise.

11. For the avoidance of doubt, any costs payable by Second Term Continuing Preservation Sponsors in their capacities as such are in addition to any other costs a Second Term Continuing Preservation Sponsor may be obligated to pay in connection with its own individual retrieval efforts.

12. **Due to the Second Term Continuing Preservation Sponsors' obligations to pay STCPS Common Costs in advance via the Second Extended Preservation Sponsors Payments, a Continuing Preservation Sponsor or a Preservation Sponsor that fails to (a) timely return a Second Extended Preservation Election Form containing an election to become a Second Term Continuing Preservation Sponsor or (b) timely make its pro rata share of the Second Extended Preservation Sponsor Payment, may become a Second Term Continuing Preservation Sponsor thereafter, if at all, only on such terms and conditions as are acceptable to Lachman and a majority of the then-current and voting Second Term Continuing Preservation Sponsors, in such Second Term Continuing Preservation Sponsors' sole and absolute discretion, which terms and conditions may include without limitation a substantial late fee to be determined by the Second Term Continuing Preservation Sponsors at the time such Continuing Preservation Sponsor or Preservation Sponsor, elects to become a Second Term Continuing Preservation Sponsor.** <u>**For the avoidance of doubt, any Research Sponsor that is not a Continuing Preservation Sponsor or a Preservation Sponsor but wishes to become a Second Term Continuing Preservation Sponsor, now or at any time after the Effective Date, may do so only on terms and conditions**</u> **as are acceptable to Lachman and a majority of the then-current and voting Second Term Continuing Preservation Sponsors, in such Second Term Continuing Preservation Sponsors' sole and absolute discretion, which terms and conditions** <u>**will include, without limitation, a substantial late fee (reflecting among other things such Research Sponsor's non-payment of its pro rata share of the Initial Preservation Period Payment and**</u>

5

**Extended Preservation Payment) to be determined by the Second Term Continuing Preservation Sponsors at the time such Research Sponsor elects to become a Second Term Continuing Preservation Sponsor. Any such Research Sponsor which is permitted to become a Second Term Continuing Preservation Sponsor pursuant to the foregoing sentence is referred to herein as an "Electing Non-Preservation Sponsor".** Following expiration of the time period for return of completed Second Extended Preservation Election Forms and payment of the Second Extended Preservation Sponsor Payment, under no circumstances shall a person or entity that is not a Second Term Continuing Preservation Sponsor be entitled to receive a return or copy of any portion of its Sponsor Property or the records subject to the Preservation Order, the Extended Preservation Order and this Order remaining under the custody of Lachman, regardless of whether such portion constitutes Sponsor Property or Common Documents and regardless of whether such portion is necessary for response to any type of inquiry, from the FDA or otherwise. **Any Research Sponsor, including any Preservation Sponsor or Continuing Preservation Sponsor, that does not become a Second Term Continuing Preservation Sponsor is prohibited from naming Lachman as its contact for FDA inspections/audits.**

13. Lachman shall have no liability whatsoever to any person or entity, including any of the Research Sponsors (including Preservation Sponsors, Common Documents Sponsors Continuing Preservation Sponsors and/or Second Term Continuing Preservation Sponsors), PRACS, the Trustee, the PRACS Estates, third parties, patients, physicians, healthcare providers, as well as each of their Related Parties, for loss, abandonment, destruction or non-destruction of, or damage to, any Sponsor Property or otherwise in connection with Lachman's acts and/or omissions with regard to the subject matter of this Order, as a result of its compliance with this Order, or any claims or obligations with respect to the Sponsor Property, arising prior to or after the Effective Date of this Order, including but not limited to any and all claims, known or unknown, except loss or damage to the extent proximately resulting from Lachman's legally-established gross negligence or willful misconduct. Lachman specifically shall have no liability whatsoever to Iron Mountain, any of the Research Sponsors (including Preservation Sponsors, Common Documents Sponsors, Continuing Preservation Sponsors and/or Second Term Continuing Preservation Sponsors), or any of their Related Parties in connection with the Iron Mountain Claim and/or Unpaid Iron Mountain Locations, for loss, abandonment, destruction or non-destruction of, or damage to, any Sponsor Property or otherwise in connection with Lachman's acts and/or omissions with regard to the subject matter of the Preservation Order, the Extended Preservation Order or the Second Extended Preservation Order, as a result of its compliance with such Orders, or any claims or obligations with respect to the Sponsor Property, arising prior to or after the Effective Date of any of such Orders, including but not limited to any and all claims, known or unknown.

14. Notwithstanding anything to the contrary contained herein, consistent with Section 13 above, Lachman is acting solely as a nominee in an administrative capacity on behalf of the Second Term Continuing Preservation Sponsors with respect to the receipt of

invoices for services rendered by Third-Party Storage Providers and collection and remittance of the funds necessary to pay the Third-Party Storage Providers and shall not bear any responsibility to the Third-Party Storage Providers for rent, storage and/or destruction costs.

15. Lachman shall retrieve individual Sponsor Property on behalf of requesting Second Term Continuing Preservation Sponsors subject to terms and conditions to be agreed upon between or among Lachman and such Second Term Continuing Preservation Sponsors, with such retrievals to occur during the Second Extended Preservation Period, provided however that Lachman may withdraw for cause from its obligations hereunder, with no liability, upon sixty (60) days' written notice to all Second Term Continuing Preservation Sponsors. Notwithstanding the foregoing, the Second Extended Preservation Period may be extended beyond its initial duration by agreement of Lachman and any remaining Second Term Continuing Preservation Sponsors that elect to continue their obligations as Second Term Continuing Preservation Sponsors after expiration of the Second Extended Preservation Period.

16. The Second Term Continuing Preservation Sponsors shall be severally (but not jointly) responsible for Lachman's reasonable and necessary fees and costs associated with the provision of services described herein (such amount to be allocated equally on a pro rata basis among all Second Term Continuing Preservation Sponsors). If a Continuing Preservation Sponsor elects to become a Second Term Continuing Preservation Sponsor, but fails to pay the Second Extended Preservation Sponsor Payment, such Continuing Preservation Sponsor shall not become a Second Term Continuing Preservation Sponsor. In this instance, Lachman shall have no duty or obligation to collect the Second Extended Preservation Sponsor Payment from any Continuing Preservation Sponsor that fails to comply with the terms of this Order.

17. Except as otherwise set forth herein, in the Extended Preservation Order or in the Preservation Order, unless and until different terms are agreed to between or among Lachman and Second Term Continuing Preservation Sponsors, Lachman shall carry out its duties with regard to the Sponsor Property in its custody in accordance with the Preservation Order, the Extended Preservation Order and this Order. Lachman shall have no obligations to the Research Sponsors (including the Preservation Sponsors, the Continuing Preservation Sponsors and the Second Term Continuing Preservation Sponsors) except as expressly provided in the Preservation Order, the Extended Preservation Order, this Order, the Master Protocol, the Global Agreement, or another agreement, or another order of the Court, as any such order or agreement may be amended or otherwise modified.

18. If the ongoing STCPS Common Costs exceed the sum of money collected on account of each Second Term Continuing Preservation Sponsor's pro rata Second Extended Preservation Sponsor Payment, Lachman shall send written notice including an invoice for the additional pro rata STCPS Common Costs to each Second Term Continuing Preservation Sponsor. If a Second Term Continuing Preservation Sponsor fails to pay any amount for STCPS Common Costs due from it to Lachman within 60 days from the invoice date, Lachman may, at its option, (a) seek to compel

payment in this Court or any other court of competent jurisdiction, and (b) until receipt of payment, suspend performance under any individual retrieval agreement with such delinquent Second Term Continuing Preservation Sponsor or otherwise refuse to perform any additional retrieval activities for such Second Term Continuing Preservation Sponsor. If, following the first anniversary of the Effective Date of this Order, and the exhaustion of Lachman's remedies against the delinquent Second Term Continuing Preservation Sponsor, such amount for STCPS Common Costs remains unpaid, Lachman may request that the other Second Term Continuing Preservation Sponsors pay the unpaid pro rata portion of STCPS Common Costs attributable to the delinquent Second Term Continuing Preservation Sponsor, failing which payment Lachman may withdraw, without liability for doing so, from its role under this Order on 60 days' written notice to all Second Term Continuing Preservation Sponsors.

19. **In addition to and not in lieu of the foregoing paragraph 18, (i) any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day; and (ii) any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of this Order (such Research Sponsors described in (i) and (ii), "Abandoning Continuing Preservation Sponsors").**

20. Any materials to be destroyed pursuant to this Order shall be totally destroyed as follows: (A) if the records are written, by completely shredding or burning the records; or (B) if the records are magnetic, optical or other electronic records, by otherwise destroying those records so that those records cannot be retrieved. Such destruction consistent with the foregoing requirements is sufficient for all purposes under state and federal law. Such destruction shall be deemed in compliance with all applicable law so long as the material is destroyed in the manner set forth in the Preservation Order, the Extended Preservation Order and this Order. None of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to each other or any Abandoning Continuing Preservation Sponsor for Sponsor Property that is abandoned or destroyed pursuant to this Order. None of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any claim for contribution for costs or expenses incurred in connection with these Cases against any Research Sponsor that elects not to become a Second Term Continuing Preservation Sponsor hereunder.

21. Lachman (or another independent consultant hired by the Second Term Continuing Preservation Sponsors for destruction) shall have the reasonable discretion to arrange

or request reasonable assistance from Third-Party Storage Providers for the destruction of property belonging to any Abandoning Continuing Preservation Sponsor, provided that Lachman shall not be obligated to the Second Term Continuing Preservation Sponsors to locate and destroy records, absent further agreement with the Second Term Continuing Preservation Sponsors. No further notice or order of the Court will be required.

22. As of and after the Effective Date, the Unsearched Boxes and Unsearched Contents shall be preserved for a period of at least the Second Extended Preservation Period in accordance with the terms and conditions agreed to by and among the Second Term Continuing Preservation Sponsors, Lachman, and one or more of the Third-Party Storage Providers, subject, however, to the reasonable discretion given to Lachman (or another independent consultant hired by the Second Term Continuing Preservation Sponsors for destruction) under the conditions described in Sections 19, 20, and 21 above, to arrange or request reasonable assistance from Third-Party Storage Providers for the destruction of property belonging to Abandoning Sponsors, Abandoning Preservation Sponsors and Abandoning Continuing Preservation Sponsors. It is anticipated that the Unsearched Boxes and Unsearched Contents will remain in storage and remain largely unsearched and undisturbed during the Second Extended Preservation Period. However, pursuant to separate agreements with individual Second Term Continuing Preservation Sponsors, Lachman shall retrieve any portion of the Unsearched Boxes and Unsearched Contents on behalf of one or more of the requesting Second Term Continuing Preservation Sponsors (it being understood that each Second Term Continuing Preservation Sponsor shall be solely responsible for the payment of all fees and expenses associated with any individual retrievals of Unsearched Boxes and Unsearched Contents on its behalf); provided however that Lachman may withdraw from its obligations associated with any individual retrievals of Unsearched Boxes and Unsearched Contents under the terms of Lachman's agreement with that Second Term Continuing Preservation Sponsor.

23. Unless extended by agreement of Lachman and any Second Term Continuing Preservation Sponsors, any remaining Sponsor Property (including without limitation any of the Unsearched Boxes and Unsearched Contents) that is not retrieved or otherwise preserved prior to the expiration of the Extended Preservation Period will be deemed and considered abandoned and subject to destruction in accordance with the Preservation Order and this Order. In furtherance of the foregoing, the defined term "Ad Hoc Destruction Sponsors" as used in the Preservation Order, shall also include Continuing Preservation Sponsors.

24. Except as otherwise set forth herein, in the Preservation Order or in the Extended Preservation Order, unless and until different terms are agreed to between or among Lachman and the Second Term Continuing Preservation Sponsors, Lachman shall carry out its duties with regard to the Unsearched Boxes and Unsearched Contents in accordance with the Master Protocol and the Global Agreement. Lachman shall have no obligations to the Second Term Continuing Preservation Sponsors except as expressly provided in the Preservation Order, the Extended Preservation Order, this

Order, the Master Protocol, or another agreement, or another order of the Court, as any such order or agreement may be amended or otherwise modified; it is further

**ORDERED**, that except as expressly amended hereby, the terms and provisions of the Preservation Order and the Extended Preservation Order shall remain in full force and effect.

#    #    #

Prepared by:

 */s/ Alex S. Valdes*
Alex S. Valdes
State Bar No. 24037626
Devin B. Hahn
State Bar No. 24104047
WINSTEAD PC
401 Congress Avenue
Suite 2100
Austin, Texas 78701
(512) 370-2800- Telephone
(512) 370-2580 - Telecopier
Email: avaldes@winstead.com
Email: dhahn@winstead.com

**COUNSEL FOR LACHMAN CONSULTANT SERVICES, INC.**