EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, et al., | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by 3M COMPANY ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case <u>In re PRACS Institute San Antonio, LLC, et al.</u>, Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; [and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.]

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor

hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, [including specifically, the Iron Mountain Claim] ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Second Term Continuing Preservation Sponsors, the Continuing Preservation Sponsors, the Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

3M COMPANY
(Print name of Research Sponsor)

_____
(Signature of Authorized Individual)

Silvia M. Perez
President and General Manager
3M Drug Delivery Systems Division

smperez@mmm.com

_____
(Print name of individual completing this Second Extended Preservation Election Form)

5-17-2019
(Print date)

_____
(Print e-mail address of individual completing this Second Extended Preservation Election Form)

EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, *et al.,* | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by Alvogen, Inc. and Alvogen Pine Brook LLC (formerly Alvogen Pine Brook, Inc.) ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR AP-PROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case In re PRACS Institute San Antonio, LLC, *et al.*, Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor

hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, including specifically, the Iron Mountain Claim ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

*Andrea Sweet* (signature)

Alvogen, Inc.; Alvogen Pine Brook LLC
Andrea Sweet, Secretary
uslegal@alvogen.com

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by Array BioPharma Inc. ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case In re PRACS Institute San Antonio, LLC, *et al.*, Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor

hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, including specifically, the Iron Mountain Claim ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

Array BioPharma Inc.
(Print name of Research Sponsor)

_____
(Signature of Authorized Individual)

Rogan Nunn
(Print name of individual completing this Second Extended Preservation Election Form)

rogan.nunn@arraybiopharma.com
(Print e-mail address of individual completing this Second Extended Preservation Election Form)

May 23, 2019
(Print date)

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, et al., | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by Madrigal Pharmaceuticals, Inc. ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case In re PRACS Institute San Antonio, LLC, et al., Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor

hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, including specifically, the Iron Mountain Claim ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors, or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

MADRIGAL PHARMACEUTICALS, INC.
(Print name of Research Sponsor)

[signature]
(Signature of Authorized Individual)

Brian J Lovett
(Print name of individual completing this Second Extended Preservation Election Form)

May 23, 2019
(Print date)

BjLovett@Medrisolpharma.com
(Print e-mail address of individual completing this Second Extended Preservation Election Form)

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by Mylan Inc. and its subsidiaries ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case In re PRACS Institute San Antonio, LLC, et al., Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees: (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; [and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.]

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through

1

and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, [including specifically, the Iron Mountain Claim] ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

Mylan Inc. and its subsidiaries
(Print name of Research Sponsor)

_Dave Gillogly_ (Signature of Authorized Individual)

Dave Gillogly, Head Global Clinical Operations
(Print name of individual completing this Second Extended Preservation Election Form)

david.gillogly@mylan.com
(Print e-mail address of individual completing this Second Extended Preservation Election Form)

May 24, 2019
(Print date)

REVIEWED - MYLAN LEGAL DEPT
DATE: 5/24/19
BY: J. Lindsay-Green
LCM# US57148

2

EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by **Sandoz Inc.** ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case In re PRACS Institute San Antonio, LLC, *et al.*, Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations. Assuming nine (9) Continuing Preservation Sponsors elect to become Second Term Continuing Preservation Sponsors, the Second Extended Preservation Sponsor Payment is approximately $43,334 plus and the pro rata share of Motion Costs is approximately $2,000, therefore, the total estimated Second Term Continuing Preservation Sponsor Payment plus pro rata share of Motion Costs is $45,334 per Second Term Continuing Preservation Sponsor. Notwithstanding the foregoing, the actual amounts of

DocuSign Envelope ID: 981FF270-E8BF-4CE8-83CA-53E85099EE0D

the Second Extended Preservation Sponsor Payment and Motion Costs will be determined in accordance with the Second Extended Preservation Order once the final number of Second Term Continuing Preservation Sponsors has been determined.

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor hereby confirms the continued validity of those releases. Notwithstanding the foregoing, by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, including specifically, the Iron Mountain Claim ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

**Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.**

[SIGNATURE PAGE FOLLOWS]

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

Sandoz Inc.
(Print name of Research Sponsor)

*karen McDonnell*
915FF0083BE141C...
(Signature of Authorized Individual)

Karen McDonnell
(Print name of individual completing this Second Extended Preservation Election Form)

karen.mcdonnell@sandoz.com
(Print e-mail address of individual completing this Second Extended Preservation Election Form)

May 29, 2019
(Print date)

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 7 CASE |
| | § | |
| PRACS INSTITUTE SAN ANTONIO, | § | CASE NO. 13-50743 |
| LLC, et al., | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SECOND EXTENDED PRESERVATION ELECTION FORM

This Second Extended Preservation Election Form is submitted by Teva Pharmaceuticals USA, Inc. (acting on its behalf and on behalf of its affiliates having property in the possession of PRACS) ("Sponsor") pursuant to paragraph 26 of the *MOTION TO EXTEND THE EXTENDED PRESERVATION PERIOD UNDER THE ORDER GRANTING MOTION TO EXTEND ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF THE TRANSFER OF CUSTODY OF CERTAIN SPONSOR PROPERTY TO LACHMAN CONSULTANT SERVICES, INC.* (the "Second Extension Motion") being filed concurrently herewith in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, in the case <u>In re PRACS Institute San Antonio, LLC, et al.</u>, Case No. 13-50743 (jointly administered). Capitalized terms used herein have the meanings given to them in the Second Extension Motion.

Provided that the Second Extension Motion is granted and the Second Extended Preservation Order is entered, Sponsor elects to be a Second Term Continuing Preservation Sponsor and agrees (i) to continue to be bound (or to be bound, in the case of an Electing Non-Preservation Sponsor) by all of the terms and conditions of the Preservation Order applicable to Preservation Sponsors (as modified by the Extended Preservation Order and the Second Extended Preservation Order) and the Extended Preservation Order, (ii) to be bound by the Second Extended Preservation Order, (iii) to pay on a timely basis its pro rata share of all STCPS Common Costs incurred by Lachman or Third-Party Storage Providers on behalf of the Second Term Continuing Preservation Sponsors during the Second Term Extended Preservation Period, (iv) to pay its pro rata share of the Motion Costs promptly upon written request by Lachman; and (v) to indemnify, defend and hold Lachman harmless on a pro rata basis, for any demands, claims, losses, damages, judgments, expenses and costs (including attorneys' fees) arising out of or relating to the Iron Mountain Claim and/or the Unpaid Iron Mountain Locations.

Sponsor's election hereunder does not alter, amend, modify, repeal, or void the releases of Lachman, Abraxas, the Funding Sponsors, Lilly, the Trustee and the Lenders given by Sponsor when it elected to become a Preservation Sponsor and a Continuing Preservation Sponsor, and Sponsor hereby confirms the continued validity of those releases. Notwithstanding the foregoing,

by completing and returning this Second Extended Preservation Election Form, Sponsor hereby releases Lachman from any and all expenses, claims, liabilities, obligations, demands, actions or causes of action of whatever kind or nature (whether known or unknown, liquidated or unliquidated, direct or indirect, fixed or contingent, asserted or unasserted, disclosed or undisclosed, matured or unmatured, existing or hereafter arising, in law, equity and otherwise, and notwithstanding the manner in which the same shall have arisen) based on facts arising or occurring at any time through and including the Effective Date of the Second Extended Preservation Order that relate to the Cases, the Preservation Order or the Extended Preservation Order, including specifically, the Iron Mountain Claim ("Claims"); provided, however, that the foregoing release shall not be construed to release Lachman from any Claim or obligation arising under or pursuant to, or liability for compensatory damages for the material breach of, the Preservation Order, the Extended Preservation Order, the Second Extended Preservation Order or any other future order of the Court entered in these Cases (including any agreement approved by such an order), or any other written agreements between Lachman and any Research Sponsors; or any Claim (whether against itself or another person for which it is vicariously liable as a matter of law or contract) for legally-established gross negligence or willful misconduct.

Any Second Term Continuing Preservation Sponsor that fails to pay its pro-rata share of any additional STCPS Common Costs within sixty (60) days after receiving written notice shall cease being a Second Term Continuing Preservation Sponsor and shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property as of such sixtieth day. Any Continuing Preservation Sponsor that does not become a Second Term Continuing Preservation Sponsor shall be deemed to have abandoned and consented to the destruction of any of its Sponsor Property on or after the ninety-first day following occurrence of the Effective Date of the Second Extended Preservation Order. The foregoing categories of Research Sponsor are defined in the Second Extended Preservation Order as "Abandoning Continuing Preservation Sponsors". The Second Extended Preservation Order further provides that none of Lachman, the Third-Party Storage Providers, the Preservation Sponsors, the Continuing Preservation Sponsors, the Second Term Continuing Preservation Sponsors or any of their Related Parties shall have any liability whatsoever to any Abandoning Continuing Preservation Sponsor.

WHEREFORE, the undersigned hereby agrees to all of the terms and conditions set forth above and in the Second Extended Preservation Order, and desires to make the election to be a Second Term Continuing Preservation Sponsor.

Teva Pharmaceuticals USA, Inc.
(acting on its behalf and on behalf of its affiliates having property in the possession of PRACS)
(Print name of Research Sponsor)

William J. Baldini
(Print name of individual completing this Second Extended Preservation Election Form)

5/28/19
Print Date

_____
(Signature of Authorized Individual)

WILLIAM.BALDINI@tevapharm.com
(Print e-mail address of individual completing this Second Extended Preservation Election Form)